**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Center for Biological Diversity; Grand Canyon Trust; and Sierra Club,<br><br>  Plaintiffs,<br><br>vs.<br><br>Richard Stahn, in his official capacity as District Ranger for the Tusayan Ranger District, on the Kaibab National Forest; and United States Forest Service, an agency in the U.S. Department of Agriculture,<br><br>  Defendants. | No. CV08-8031-PHX-MHM<br><br>**ORDER** |

The Plaintiffs filed a Motion for Temporary Restraining Order and Preliminary Injunction with this Court March 24, 2008. The Court held a hearing on April 4, 2008, at which the TRO was granted, and later converted to a preliminary injunction at the request and agreement of the parties. The intervenor, Vane Minerals, requested that the Court impose a $100,000 bond; the Plaintiffs requested that there be no bond, or a nominal bond only. The Court imposed upon the Plaintiffs a bond in the amount of $5,000[1], but ordered the Plaintiffs to file a memorandum demonstrating why the bond should not be increased. The Plaintiffs filed their memorandum on April 7, 2008, and Vane filed a response on April

---

[1] The Plaintiffs lodged the $5,000 bond with the Court on April 7, 2008.

8, 2008. (Dkt. #55, 56). After consideration of the memorandum and response, the Court issues the following order.

The Plaintiffs made a sufficient showing of the potential harm to their interests if a substantial bond were to be imposed. They highlight a long line of cases that have consistently waived the bond requirement or imposed only a nominal bond in public interest environmental litigation. See, e.g., Cal. ex. rel. Van De Kemp v. Tahoe Reg'l Planning Agency, 766 F.2d 1319, 1319 (9th Cir. 1985) (no bond); Friends of the Earth v. Brinegar, 518 F.2d 322, 323 (9th Cir. 1975) ($1,000 bond); Natural Resources Defense Council v. Morton, 337 F. Supp. 167, 168-69 (D.D.C. 1971) ($100 bond); Environmental Defense Fund v. Corps of Engineers, 331 F. Supp. 925, 927 (D.D.C. 1971) ($1 bond).

The Plaintiffs also provided affidavits from directors of each of the Plaintiff organizations, detailing the chilling impact that a substantial bond would have on the ability of the organizations to pursue litigation and programs in the public interest. (Dkt. #55 Exhibits 2-4).

Vane's response to the Plaintiffs' memorandum relies heavily on Save Our Sonoran, Inc. v. Flowers to support its contention that the bond should be increased. 408 F.3d 1113 (9th Cir. 2005). It asserts that the Flowers case stands for the proposition that the Ninth Circuit "imposes a burden on the public interest group to demonstrate that a particular bond amount would cause undue hardship." (Dkt. #56). The Court disagrees with Vane's reading of the case, but finds that the Plaintiffs have, in any event, made such a showing. Furthermore, Vane does not attempt to rebut or distinguish the cases cited by the Plaintiff that impose nominal or no bond on public interest Plaintiffs. In fact, the Flowers opinion on which Vane relies confirms this principle, stating, "the legal proposition urged by [the defendant] would contradict our long-standing precedent that requiring nominal bonds is perfectly proper in public interest litigation." Flowers, 408 F.3d at 1126.

The Plaintiffs requested that the Court consider reducing the bond. While the Court is persuaded that a nominal bond is appropriate in this case, in light of the fact that the three

1  Plaintiffs can apportion the bond among themselves, the Court will leave the $5,000 bond
2  undisturbed.
3     Accordingly,
4     **IT IS ORDERED** that the bond be set at $5,000.
5     DATED this 10th day of April, 2008.

_____
Mary H. Murgula
United States District Judge